**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISON**

**TYRRAN HARRIS**                                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:25-CV-P490-JHM**

**CLYDE C. YAUWELMONG, JR.** *et al.*                                  **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Tyrran Harris initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint and supplemental complaint (DNs 1 & 8) pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow one claim to proceed and dismiss the other claims.

**I.**

Plaintiff was previously incarcerated as a convicted prisoner at Luther Luckett Correctional Complex (LLCC). He brings this action against LLCC and LLCC Officer Clyde C. Yauwelmong, Jr., in both his official and individual capacities.

Plaintiff alleges that on March 2, 2025, while he was sitting in a holding cell with handcuffs on at LLCC, he asked Defendant Yauwelmong if he could use the bathroom. Defendant Yauwelmong said no. Plaintiff then states, "I would not use restroom on myself so I urinated through the bars into the empty holding cage next to the one I was in, no harm in that" but "in middle of me urinating [Defendant Yauwelmong] walked up and emptied a whole can of OC chemical agent into my face, eyes, and hair." Plaintiff states, "He gave me no warning no direct order." Plaintiff states that the OC spray damaged his dreadlocks and caused his hair to begin falling out. He also states that because of this incident, he had to begin taking medicine for post-traumatic stress syndrome.

Plaintiff further states that Defendant Yauwelmong lied on the pertinent incident report which caused him to be transferred to another prison where he "spent over 7 months [in] isolation."

As relief, Plaintiff seeks damages and that the incident report be expunged from his record.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. LLCC

LLCC is a state prison. A state prison is not a person or legal entity capable of being sued under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 U.S. Dist. LEXIS 153886, at *19 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action are . . . buildings used by the MDOC to house prisoners. They are not the proper public entity for suit."); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, at *3 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983). Thus, the Court will dismiss Plaintiff's claims against LLCC for failure to state a claim upon which relief may be granted.

### B. Defendant Yauwelmong

### 1. Official-Capacity Claim

Defendant Yauwelmong is a state official. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its

3

officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Yauwelmong for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Excessive Force

Based upon Plaintiff's allegations, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Yauwelmong in his individual capacity at this time</u>. In allowing this claim to proceed, the Court passes no judgment on its merit or upon the ultimate outcome of this action.

#### b. False Misconduct Report/Disciplinary Segregation

The Court next turns to Plaintiff's allegation that he was placed in disciplinary segregation for "more than seven months" after Defendant Yauwelmong filed a false misconduct report against him.

As an initial matter, the erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See Person v. Campbell*, No. 98-5638, 1999 U.S. App. LEXIS 14091, at *3-4 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983"); *Jones v. McKinney*, No. 97-6424, 1998 U.S. App. LEXIS 32665, at *3 (6th Cir. Dec. 23, 1998) ("McKinney did not violate Jones's constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused."); *Reeves v. Mohr*, No. 4:11cv2062, 2012 U.S. Dist. LEXIS 11374, at *4 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (finding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be

4

free from false accusations").  However, the allegedly false misconduct report could have violated Plaintiff's rights under the Fourteenth Amendment if it had led to the deprivation of a liberty interest without due process.  *See, e.g.*, *Thomas v. Lewis*, No. 1:25-cv-14, 2025 U.S. Dist. LEXIS 51543, at *10 (S.D. Ohio Mar. 20, 2025 ) ("A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process.") (citation omitted); *Burks v. McAllister*,  No. 1:24-cv-375, 2024 U.S. Dist. LEXIS 213068, at *13-14 (S.D. Ohio Nov. 22, 2024) (dismissing false-conduct-report claims because they did not lead to deprivation of a constitutionally protected liberty interest).

 The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process.  "[T]hose who seek to invoke its procedural protections must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A prison disciplinary action does not implicate a liberty interest requiring due process safeguards unless the punishment imposed will "inevitably" affect the duration of an inmate's sentence or inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).

The Supreme Court has held that placement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration."  *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).  Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).  Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

The Court can find no case where placement in segregation for less than a year has been found to be an  atypical and significant hardship. *See, e.g.*, *Shields v. Cline*, 829 F. App'x 321,

5

324 (10th Cir. 2020) (concluding that five months in administrative segregation was not atypical and significant); *Ballinger v. Cedar Cnty. Mo.*, 810 F.3d 557, 563 (8th Cir. 2016) (holding that whether the duration in administrative segregation was three months, as the district court found, or one year, as the prisoner argued, it was not an atypical and significant hardship); *Joseph*, 410 F. App'x at 868 (holding 61 days in segregation is not atypical and significant); *Jenkins v. Murray*, 352 F. App'x 608, 610 (3d Cir. 2009) (holding that prisoner's three-month confinement in administrative segregation did not constitute an atypical or significant hardship); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (holding that six months in administrative segregation was not atypical and significant); *Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (holding that 12 months in administrative lockdown was not atypical and significant); *Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999) (holding that 101 days in SHU confinement, though unpleasant and severe, was not atypical and significant); *Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996) (holding that placement of inmate in non-disciplinary segregation for three months did not create a liberty interest); *accord Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly 'indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest).

In light of this jurisprudence, the Court finds that Plaintiff's approximately seven-month placement in disciplinary segregation does not rise to the level of an atypical and significant hardship which implicates Plaintiff's liberty interest. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. *See also Wheatley v. Stump*, No. 1:24-cv-983, 2024 U.S. Dist. LEXIS 186422, at *25-26 (W.D. Mich. Oct. 11, 2024) (holding six months

in segregation not sufficient to state a Fourteenth Amendment claim); *Sims v. Schimelpenny*, No. 2:24-cv-42, 2024 U.S. Dist. LEXIS 65288, at *18-19 (W.D. Mich. Apr. 10, 2024) (holding five months in segregation not sufficient to state a Fourteenth Amendment claim).

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claim against LLCC, his official-capacity claim against Defendant Yauwelmong, and his individual-capacity claim against Defendant Yauwelmong for filing a false disciplinary report against him which led to his placement in disciplinary segregation are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate LLCC as a party to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date:  October 6, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
    Defendant Yauwelmong
    Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011