**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**TYRRAN  HARRIS**                                                                                  **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:25CV-P490-JHM**

**CLYDE C. YAUWELMONG, JR.** *et al.*                                               **DEFENDANTS**

**<u>MEMORANDUM</u>**

Plaintiff Jonathan S. Brown filed this *pro se* prisoner action under 42 U.S.C. § 1983. Defendant Clyde C. Yauwelmong, Jr., filed a motion for summary judgment (DN 23).  The Court entered an Order directing Plaintiff to file a response to the motion on or before June 8, 2026 (DN 24).  The Order warned Plaintiff that failure to file a response to the motion within the time allotted would result in dismissal of the action.

The deadline has expired, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own

initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Moreover, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id*. at 629.

Upon review, the Court finds that Plaintiff's failure to comply with the deadline set forth in the Court's prior Order, despite the warning of dismissal, warrants dismissal of this case for failure to prosecute under Fed. R. Civ. P. 41(b).  Therefore, by separate Order, the Court will dismiss the instant action.

Date:    June 10, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.010

2